### IN THE UNITED STATES DISTRICT COURT FOR THE
### EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. GINA GARRETT,<br><br>                Plaintiff,<br><br>v.<br><br>1. WAL-MART STORES EAST, L.P., a/k/a<br>    Wal-Mart,<br><br>                Defendant. | Case No. 13-CV-00554-SPS<br><br>**JURY TRIAL DEMANDED**<br>**ATTORNEY LIEN CLAIMED** |

### COMPLAINT

**COMES NOW THE PLAINTIFF** and for her causes of action herein alleges:

### PARTIES

1. The Plaintiff is Gina Garrett, an adult female resident of Holdenville, Hughes County, Oklahoma.

2. The Defendant is Wal-Mart Stores East, L.P., a/k/a Wal-Mart, a domestic for profit business corporation doing business in Holdenville, Hughes County, Oklahoma.

### JURISDICTION AND VENUE

3. Plaintiff's cause of action is for disability discrimination and refusal to accommodate Plaintiff's disability in violation of the Americans with Disabilities Act (hereinafter "ADA") as set forth in 42 U.S.C. § 12111, *et seq*, and Oklahoma's Anti-Discrimination Act (25 O.S. §§ 1101, et seq). This claim is both for disparate treatment of the Plaintiff and disparate impact on the Plaintiff and other similarly disabled employees arising by virtue of Wal-Mart's policy regulating persons who have or who are using narcotic pain medications. The state law claims arise out of the same core of facts and jurisdiction over those claims is provided by 28 U.S.C. § 1367(b).

4. All of the actions complained of occurred in Hughes County, Oklahoma, which is located within the Eastern District of Oklahoma wherefore venue is proper in this

Court under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §1391(b).

## STATEMENT OF FACTS

5. Plaintiff, an adult female was hired by the Defendant around 1998 until her termination in October, 2012. At all times Plaintiff was qualified for her position and satisfactorily performing her job.

6. The Defendant employed and continues to employ more than twenty (20) employees during at least twenty (20) weeks of the years before, during and after Plaintiff's termination and is a covered employer under the Americans With Disability Act As Amended (ADAAA).

7. Plaintiff suffers from serious medical conditions and disabilities as defined under the Americans with Disabilities Act in that these conditions substantially interfere with her major life activities, including bodily functions, in the form of migraine headaches which cause severe pain and have required treatment by prescription narcotic pain medications which is not required by persons who do not suffer from migraine headaches. Such treatment regime has caused physical addiction which affects, inter alia, the neurological system and has systemic effects on the body which are significant impairments and harms in comparison to a non-addicted person. As a result of such conditions the Plaintiff is a disabled employee under all three prongs of the ADAAA.

8. Although Plaintiff's use of such narcotic medications was lawful and in accordance with her prescriptions, Plaintiff sought treatment to stop the use of narcotic medications and to transition to the use of non-narcotic medications to treat her migraines.

9. Around October, 2012, Plaintiff advised her employer that although she was not using narcotic drugs unlawfully, she needed the accommodation of attending a treatment program to stop her use of narcotic medications and asked for leave for such purpose.

10. Upon giving notice of her need and desire for treatment, the Plaintiff was terminated.

11. Plaintiff's job continued to exist after Plaintiff's termination.

12. On information and belief, Plaintiff was replaced with a person who did not have her disability or require or request the accommodation sought by Plaintiff.

13. The Defendant failed to go through any interactive process regarding Plaintiff's request for accommodation and instead terminated the Plaintiff.

14. Such termination was the result of Defendant's hostility towards Plaintiff's disability and request for accommodation and not on account of any performance issues. Due to Wal-Mart's policy, which is believed to be the "Health & Wellness" policy, persons with addictions or a record of addictions are terminated. Plaintiff was advised that she was terminated due to her status as being an addicted person and pursuant to Defendant's Policy. During Plaintiff's last few months of employment with Defendant, Plaintiff had to use intermittent medical leave in order to attend doctor appointments and treatments.

15. As the direct result of such termination, Plaintiff has suffered from lost income and benefits, past, present and future, emotional distress and dignitary harms and other consequential damages for which she is entitled to compensation.

16. Because Defendant's policy results in the disparate treatment of persons with disabilities, Plaintiff also seeks relief in the form of an injunction precluding Defendant from enforcing such policy against herself or any other similarly situated persons and requiring Wal-Mart to take affirmative action to correct the harm results of the discriminatory application of its policy including offering reinstatement to all persons wrongfully terminated under the policy and revising the policy to eliminate its disparate impact.

17. Because the actions of the Defendant in its treatment of the Plaintiff were willful, malicious or, at the least, in reckless disregard of Plaintiff's federal and state rights,

Plaintiff seeks an award of punitive damages.

18. Plaintiff filed a charge of discrimination asserting the disability claims set out above both as disparate treatment for herself and for the disparate impact suffered by herself and others as a result of such policy which filing was made with the EEOC on or about April 17, 2013. This filing was within one hundred and eighty (180) days of her termination. Plaintiff was issued a right-to-sue letter on or about November 18, 2013. This lawsuit is timely brought within less than ninety (90) days of the issuance of such right-to-sue letter.

**WHEREFORE,** Plaintiff prays that she will be awarded judgment against the Defendant and all relief as may be appropriate, including, but not limited to actual damages, punitive damages, liquidated damages, costs, fees and such equitable relief as appropriate.

**RESPECTFULLY SUBMITTED THIS 27th DAY OF DECEMBER, 2013.**

s/Mark Hammons
Mark Hammons, OBA No. 3784
HAMMONS, GOWENS & HURST
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: mark@hammonslaw.com

and

Richard E. Fradette, Esq., Bar No. 844
BELIVEAU, FRADETTE & GALLANT, PA
91 Bay Street, PO Box 3150
Manchester, NH 03105
Telephone: (603) 623-1234
*Counsel for Plaintiff Gina Garrett, R.Ph.*

Jury trial demanded
Attorney lien claimed